**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **NIRIN WALLS, #R49110** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 3:21-cv-01350-SMY** |
| | ) | |
| **ROB JEFFREYS,** *Director IDOC,* | ) | |
| **LANA NALEWAJKA,** *HCUA Supervisor* | ) | |
| *Centralia CC,* | ) | |
| **JOHN/JANE DOE,** *Transfer Coordinator,* | ) | |
| **DOCTOR SHAH,** *Centralia CC,* | ) | |
| **JODI A. PELEGRIN,** *Doctor Centralia* | ) | |
| *CC,* | ) | |
| **GARY REAGAN,** *Doctor,* | ) | |
| **DOCTOR ZAHTZ,** *Dixon CC,* | ) | |
| **CHELSA SWORD,** *Nurse Practitioner* | ) | |
| *Dixon CC,* | ) | |
| **KRISTINA MERSHON,** *Nurse* | ) | |
| *Practitioner Dixon CC,* | ) | |
| **MS. TUELL,** *Nurse Practitioner Dixon CC,* | ) | |
| **MS. CARPENTER,** *HCUA Supervisor* | ) | |
| *Dixon CC,* | ) | |
| **NURSE FERRIS,** *Dixon CC,* | ) | |
| **NURSE HAYES (or HAZE),** *Dixon CC,* | ) | |
| **COUNSELOR HUSSUNG,** *Grievance* | ) | |
| *Handler Dixon CC,* | ) | |
| **NURSE THELIEN,** *Dixon CC,* | ) | |
| **SHERRY BENTON,** *ARB Member,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Nirin Walls, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at Centralia Correctional Center ("Centralia") and Dixon Correctional Center ("Dixon"). This case is now before the Court for preliminary review of the Complaint under

1

28 U.S.C. § 1915A.  Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1):  Plaintiff began urinating blood, white blood cells, and mucus in July 2020.  He saw Dr. Shah and Nurse Sarah but they did not prescribe any medication for his condition.  After several sick call requests, Plaintiff saw Dr. Jodi Pelegrin who prescribed an antibiotic and, when it did not work, a second antibiotic. When the second antibiotic did not help, Plaintiff asked Dr. Pelegrin to send him to the emergency room but she refused.  At that time, Plaintiff also complained of severe pain in his testicles and stomach.  Dr. Pelegrin prescribed a third antibiotic. After Plaintiff took that medication, the bleeding became worse.  The blood in his urine increased from "++" in August 2020 to "50" in December 2020.

Plaintiff had an appointment with an outside urologist, Dr. Gary Reagan, on November 24, 2020.  Dr. Reagan refused to examine him or collect urine because Plaintiff had not been quarantined or given a covid-19 test prior to the appointment.  Dr. Reagan told Plaintiff he did not understand why Dr. Pelegrin had continued to prescribe antibiotics after the first antibiotic did not work and he should have been sent to a urologist sooner.  Dr. Reagan told Plaintiff that he needed an ultrasound and KUB at Centralia and should then return for a cystoscopy.

After Plaintiff returned to Centralia from the appointment with Dr. Reagan, he refused to leave the health care unit because he was in so much pain.  He was written a disciplinary ticket and taken to segregation.  The next day, Warden Monti and Major Johnson release him after he explained the issue and the disciplinary ticket was expunged.

Plaintiff felt like he was urinating nails on December 9, 2020, but Dr. Pelegrin took no action. Dr. Pelegrin did not follow-up with the diagnostic tests recommended by Dr. Reagan and did not prescribe Plaintiff any pain medication or any other medication for his condition. Dr. Pelegrin allowed Plaintiff to be transferred to Dixon Correctional Center in February 2021 despite the fact that he should have had two medical holds to prevent transfer. She also failed to send Plaintiff for an audiologist appointment. HCUA Nalewajka should not have approved Plaintiff to be transferred to Dixon, which caused a delay in treatment for Plaintiff's medical issues.

Plaintiff had an ultrasound and blood work done after he transferred to Dixon in February 2021. An appointment was to be scheduled in February 2021 by HCUA Carpenter and the three Nurse Practitioners (Kristina Mershon, Chelsa Sword, and Tuell). However, eight months later, Plaintiff still had not been sent to an outside urologist. Plaintiff put in thirteen sick call requests regarding urine in his blood and pain. He had blood work done several times, but has not been treated or prescribed medication for his condition or for pain. Plaintiff was refused several urine tests during sick call visits. Nurse Hayes (or Haze), Nurse Ferris, and Nurse Thelien told Plaintiff that per HCUA Carpenter they do not take "no dip stick urine test." They also told Plaintiff he was going to be sent out to see a urologist soon and they did not need to see if his condition was worsening. On March 25, 2021, Plaintiff's blood test showed HDL levels out of range, which is consistent with coronary heart disease, but Chelsa Sword did not prescribe any medication for him.

Plaintiff saw NP Kristina Mershon on September 7, 2021. She told him HCUA Carpenter was tired of him writing grievances and sick call requests and that Carpenter stated she will send him to a urologist when she is ready. NP Mershon also told Plaintiff that if he involved her in a lawsuit, she would kill him.

Plaintiff saw Nurse Ferris on September 9, 2021. After he asked her for a urine test to determine if his condition was worsening, she responded, "they already know that you are bleeding in the inside and boo booing out blood clots and white blood cells." She was following the orders of HCUA Carpenter and NP Mershon.

IDOC Director Rob Jeffreys assures "adequate health care" and the IDOC mission is "to reduce victimization" but despite six letters to Jeffreys complaining about Plaintiff's health, Jeffreys has refused to help.

Plaintiff wrote several grievances in March 2021 that came up missing and/or for which he did not receive a response. He held the grievances up to the camera in the housing unit. The grievance handler at that time was Counselor Hussung. Plaintiff received a "partially upheld" grievance from Centralia, but nothing was done to help him. He appealed it to the ARB but Sherry Benton denied the grievance stating it was appropriately addressed by Centralia. Benton clearly failed to properly address and investigate the grievance. IDOC Director Jeffreys signed off on the denial of his appeal.

Plaintiff has never seen Dr. Zahtz even though Nurse Hayes (or Haze) told him he was supposed to see Dr. Zahtz in March/April 2021.

The defendants put Plaintiff's health, safety, and life at risk and put him through fifteen months of severe pain, mental anguish, and humiliation. Plaintiff had to wash his boxers two to three times a day from blood stains and foul odors. He also has clots in his feces. He has lost fifty pounds and is vomiting daily. He may have cancer, tumors, or some other very serious kidney, liver, bladder, or testicle problem that could have been prevented with adequate treatment.

4

Plaintiff requests a lie detector test to prove the death threat from NP Mershon and a transfer to the Joliet mental health facility.  He also requests an Order directing IDOC to send him to have surgery asap to prevent future pain, suffering, and additional problems.

## Discussion

Plaintiff asserts claims for violations of his constitutional rights that allegedly occurred while he was incarcerated at two different prison facilities ("the Centralia claims" and "the Dixon claims").  As a result, the Court must determine whether the claims are properly joined or, if improperly joined, should be severed or dismissed.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit.  Therefore, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all.  *See George*, 507 F.3d at 607.  Federal Rule of Civil Procedure 21 grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants.  *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

The Centralia claims and the Dixon claims involve different defendants, separate transactions and occurrences, and arose at different prisons.  The only common defendant is IDOC Director Jeffreys, but his alleged involvement is not enough to bring the Centralia and Dixon claims under the same umbrella.  The matter is further complicated by the fact that Centralia is located within this judicial district, while Dixon is located within the Northern District of Illinois.  Accordingly, consistent with *George v. Smith* and Federal Rules of Civil Procedure 20 and 21, the

Court will sever the Centralia claims against Defendants Rob Jeffreys, Lana Nalewajka, John/Jane Doe, Doctor Shah, Jodi Pelegrin, Gary Reagan, and Sherry Benton into a separate action. Those claims will be subject to 1915A review in the newly severed case. The Dixon claims against Defendants Rob Jeffreys, Doctor Zahtz, Chelsa Sword, Kristina Mershon, Ms. Tuell, Ms. Carpenter, Nurse Ferris, Nurse Hayes (or Haze), Counselor Hussung, and Nurse Thelien remain in this case.

Venue for federal civil rights actions brought under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b) under which such actions may be brought only in (1) the judicial district where any defendant resides (if all defendants reside in the same State), (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action, if there is no district in which the action may otherwise be brought. Because Dixon is located in the judicial district for the Northern District of Illinois, Western Division, *see* 28 U.S.C. § 93(a), it is the appropriate forum for the claims remaining in this case. As such, those claims will be transferred.

## <u>Disposition</u>

The claims in the Complaint against Defendants Rob Jeffreys, Lana Nalewajka, John/Jane Doe, Doctor Shah, Jodi Pelegrin, Gary Reagan, and Sherry Benton for occurrences that took place at Centralia Correctional Center are severed into a new case. In the new case, the Clerk of Court is **DIRECTED** to file the following documents:

- This Memorandum and Order;

- The Complaint (Doc. 1);

- Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2); and

- Plaintiff's Motion for Service of Process at Government Expense (Doc. 3).

Pursuant to 28 U.S.C. §§ 1391(b) and 1404(a) and on the Court's own motion, this action, which consists of the claims arising at Dixon Correctional Center against Defendants Rob Jeffreys, Doctor Zahtz, Chelsa Sword, Kristina Mershon, Ms. Tuell, Ms. Carpenter, Nurse Ferris, Nurse Hayes (or Haze), Counselor Hussung, and Nurse Thelien, is **TRANSFERRED** to the United States District Court for the Northern District of Illinois, Western Division, for such further proceedings as that Court may deem appropriate.  No summons shall issue in this action unless so directed by the transferee court.

**IT IS SO ORDERED.**

**DATED:  November 1, 2021**

_s/ Staci M. Yandle_____
**STACI M. YANDLE**
**United States District Judge**